IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FELIX ARREOLA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | FILED: MAY 14, 2008 |
| v. | ) No. | 08CV2802 J.N. |
| | ) | JUDGE GUZMAN |
| JOHN HALEAS, Star No. 6719; W. LARK, | ) | MAG. JUDGE KEYS |
| Star No. 16237; and CITY OF CHICAGO, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Now comes the Plaintiff, FELIX ARREOLA, by and through his attorneys, RANDALL W. SCHWARTZ of THE SCHWARTZ FIRM, and complaining of Defendants, JOHN HALEAS and the CITY OF CHICAGO, states as follows:

### PARTIES

1. Plaintiff, FELIX ARREOLA is a resident of Chicago, Illinois.

2. Defendant JOHN HALEAS, Star No. 6719, was at all times relevant hereto a sworn police officer of the Chicago Police Department, and was an agent, servant, and/or employee of Defendant CITY OF CHICAGO and was acting within the scope of said agency, service, and/or employment. At all times relevant, Defendant JOHN HALEAS was operating under color of state law.

3. Defendant W. LARK, Star No. 16237 was at all times relevant hereto a sworn police officer of the Chicago Police Department, and was an agent, servant, and/or employee of Defendant CITY OF CHICAGO and was acting within the scope of said agency, service, and/or employment. At all times relevant, Defendant W. LARK was operating under color of state law.

1

4. Defendant CITY OF CHICAGO is a duly-incorporated municipal corporation existing under the laws of the State of Illinois, and at all times relevant hereto operated the Chicago Police Department, and was responsible for hiring, training, and by and through its authorized agents, servants, and/or employees, supervising the members of the Chicago Police Department.

## JURISDICTION AND VENUE

5. Jurisdiction of this Court is invoked pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343; the Constitution of the United States; and 28 U.S.C. § 1367, to redress violations of the Plaintiff's constitutional rights and state common law.

6. Venue is proper in this Court in that all of the facts giving rise to this action occurred in the Northern District of Illinois.

## FACTS

7. On May 14, 2006, Plaintiff was operating a motor vehicle near 6304 North Avenue in Chicago, Illinois.

8. On May 14, 2006, Defendants JOHN HALEAS and W. LARK, while operating a marked Chicago Police Department vehicle, pulled Plaintiff over on North Avenue in the Chicago, Illinois.

9. At that time, Defendants JOHN HALEAS and W. LARK placed Plaintiff under arrest for Driving Under the Influence of Alcohol (DUI). At no time prior to placing Plaintiff under arrest did Defendants JOHN HALEAS or W. LARK administer any Standardized Field Sobriety Tests or advise Plaintiff of his *Miranda* rights.

10. Plaintiff was transported by Defendants JOHN HALEAS and W. LARK to the Chicago Police Department station located near the intersection of Grand Ave., and Central Ave. in Chicago, Illinois.

11. Defendant JOHN HALEAS charged Plaintiff with, *inter alia*, Aggravated DUI (625 ILCS 5.0/11-501-A); Driving Under the Influence of Alcohol (625 ILCS 5/11-501-A-2); and Driving with a BAC over 0.08 (625 ILCS 5/11-501-A-1).

12. At no time prior to charging Plaintiff did Defendant JOHN HALEAS administer and field sobriety tests or advise Plaintiff of his *Miranda* rights.

13. As a result of Plaintiff's arrest, Defendant JOHN HALEAS completed and signed under oath several reports containing false information and gave false testimony to the Grand Jury of Cook County. At the times Defendant JOHN HALEAS completed said reports and testified before the Cook County Grand Jury, he knew the information and testimony he provided was false.

14. As a further result of Plaintiff's arrest, he was incarcerated for approximately four days in the Cook County Jail, was placed under further house arrest, and lost time from his employment due to his incarceration.

15. All charges against Plaintiff were later dropped by the Cook County State's Attorney.

### COUNT I – 42 U.S.C. § 1983 (Unlawful Seizure)

16. Plaintiff realleges paragraphs 1-15 of this Complaint as though fully set forth herein.

17. Defendants JOHN HALEAS and W. LARK, acting under color of law, conducted an unconstitutional seizure of Plaintiff by initially stopping Plaintiff without a lawful basis,

without justification, and without probable cause, violating Plaintiff's rights pursuant to the Fourth Amendment to the United States Constitution.

18. The unlawful seizure described above was conducted with malice, willfulness, and reckless indifference to the rights of Plaintiff.

19. As a direct and proximate result of Defendant JOHN HALEAS and W. LARK's unconstitutional conduct, Plaintiff was wrongfully incarcerated, placed on house arrest, and suffered personal and pecuniary damages.

WHEREFORE, Plaintiff FELIX ARREOLA prays for judgment in his favor and against Defendants JOHN HALEAS and W. LARK, in an amount in excess of the jurisdictional limits of this Court.

## COUNT II – 42 U.S.C. § 1983 (Unlawful Arrest)

20. Plaintiff realleges paragraphs 1-15 of this Complaint as though fully set forth herein.

21. Defendants JOHN HALEAS and W. LARK, acting under color of law, conducted an unconstitutional arrest of Plaintiff by placing Plaintiff under arrest, without a lawful basis, without justification, and without probable cause, violating Plaintiff's rights pursuant to the Fourth Amendment to the United States Constitution.

22. The unlawful seizure described above was conducted with malice, willfulness, and reckless indifference to the rights of Plaintiff.

23. As a direct and proximate result of Defendant JOHN HALEAS and W. LARK's unconstitutional conduct, Plaintiff was wrongfully incarcerated, placed on house arrest, and suffered personal and pecuniary damages.

WHEREFORE, Plaintiff FELIX ARREOLA prays for judgment in his favor and against Defendants JOHN HALEAS and W. LARK, in an amount in excess of the jurisdictional limits of this Court.

### COUNT III – False Imprisonment

24. Plaintiff realleges paragraphs 1-15 of this Complaint as though fully set forth herein.

25. Defendants JOHN HALEAS and W. LARK falsely imprisoned Plaintiff without lawful justification, both during the initial stop of Plaintiff, during the transportation of Plaintiff to the police station, and placing Plaintiff in lock-up at the police station.

26. Plaintiff was physically restrained by Defendants JOHN HALEAS and W. LARK without a lawful basis.

27. As a direct and proximate result of Defendant JOHN HALEAS and W. LARK's unlawful conduct, Plaintiff was wrongfully incarcerated, placed on house arrest, and suffered personal and pecuniary damages.

WHEREFORE, Plaintiff FELIX ARREOLA prays for judgment in his favor and against Defendants CITY OF CHICAGO, JOHN HALEAS, and W. LARK, in an amount in excess of the jurisdictional limits of this Court.

### COUNT IV – Malicious Prosecution

28. Plaintiff realleges paragraphs 1-15 of this Complaint as though fully set forth herein.

29. Defendant JOHN HALEAS knowingly, maliciously, and without probable cause, caused criminal charges to be filed and prosecuted against Plaintiff.

5

30. Defendant JOHN HALEAS facilitated the malicious prosecution of Plaintiff by knowingly creating false police reports and knowingly testifying falsely before the Cook County Grand Jury.

31. As a direct and proximate result of Defendant JOHN HALEAS' conduct, Plaintiff was prosecuted by the Cook County State's Attorney for the charges described above.

32. The charges against Plaintiff were ultimately dropped by the Cook County State's Attorney.

33. As a direct and proximate result of Defendant JOHN HALEAS' unlawful conduct, Plaintiff was wrongfully incarcerated, placed on house arrest, and suffered personal and pecuniary damages.

WHEREFORE, Plaintiff FELIX ARREOLA prays for judgment in his favor and against Defendants CITY OF CHICAGO and JOHN HALEAS, in an amount in excess of the jurisdictional limits of this Court.

### Count V – 42 U.S.C.§ 1983 (*Monell* Claim)

34. Plaintiff realleges paragraphs 1-23 of this Complaint as though fully set forth herein.

35. On and before May 14, 2006, Defendant CITY OF CHICAGO became aware of prior instances in which Defendant JOHN HALEAS falsely arrested DUI suspects, swore out false complaints and false police reports, and falsely testified before the Cook County Grand Jury.

36. Despite the knowledge that Defendant JOHN HALEAS had committed the acts described above, Defendant CITY OF CHICAGO continued to employ Defendant JOHN

HALEAS, allowing him to continue to make false arrests and produce false complaints and police reports.

37. Upon information and belief, Defendant JOHN HALEAS was later suspended from his duties as a Chicago Police officer.

38. The unwillingness of Defendant CITY OF CHICAGO to investigate the misconduct of Defendant HALEAS operated as a *de facto* policy of Defendant CITY OF CHICAGO. The policy of Defendant CITY OF CHICAGO in failing to investigate, supervise, and/or suspend Defendant JOHN HALEAS was a direct and proximate cause of Plaintiff's unconstitutional seizure, arrest, and prosecution.

WHEREFORE, Plaintiff FELIX ARREOLA prays for judgment in his favor and against Defendant CITY OF CHICAGO, in an amount in excess of the jurisdictional limits of this Court.

PLAINTIFF DEMANDS TRIAL BY JURY.

                        Respectfully submitted,

                        /s/ Randall W. Schwartz
                        Randall W. Schwartz

Randall W. Schwartz
THE SCHWARTZ FIRM
211 W. Wacker Dr., Suite 550
Chicago, Illinois 60606
(312) 972-1300
(312) 972-1301 fax
rwschwartz@msn.com

7